IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DECARLOS MONTRAY GARRETT, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | Civil Action No. H-18-3210 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate proceeding *pro se*, files this section 2254 habeas petition challenging his 2002 conviction and 45-year sentence for aggravated robbery. The threshold issue is whether this petition is subject to dismissal as an unauthorized successive petition. Having considered the petition, matters of public court record, and the applicable law, the Court finds that this petition should be dismissed for want of jurisdiction as an unauthorized successive petition.

Public state court records show that petitioner was convicted of aggravated robbery in Harris County, Texas, and sentenced to 45-years imprisonment on March 1, 2002. Records for this Court show that, on January 28, 2005, petitioner filed a section 2254 habeas petition challenging this same conviction; the Court denied the petition as barred by limitations. *Garrett v. Quarterman*, C.A. No. H-05-0304 (S.D. Tex. July 28, 2006). Petitioner filed a second section 2254 petition challenging the same conviction on January

31, 2005; it was dismissed as duplicative. *Garrett v. Quarterman*, C.A. No. H-05-0321 (S.D. Tex. Feb. 7, 2005). Petitioner filed the instant section 2254 petition no earlier than September 3, 2018, raising new claims for relief.

Petitioner does not state, and public records for the Fifth Circuit Court of Appeals do not show, that petitioner has obtained authorization from the Fifth Circuit to file a successive habeas challenge to his conviction. To the contrary, public records for the Fifth Circuit show that petitioner filed a motion with that court for leave to file a successive petition on September 10, 2018, a week after he filed the instant petition. The motion for leave remains pending before the Fifth Circuit. *In re: DeCarlos Garrett*, No. 18-20624. Consequently, this petition constitutes an unauthorized successive habeas petition, and the Court is without jurisdiction to consider petitioner's new claims. *See* 28 U.S.C. § 2244(b)(3)(A).

This case is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas on the _____ day of September, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE